Argued and submitted January 24, affirmed July 22, 1992

## CITY OF EUGENE,
*Respondent,*

*v.*

## David Henry MILLER,
*Appellant.*

(90-50053; CA A70257)

835 P2d 144

George W. Kelly, Eugene, argued the cause and filed the brief for appellant.

James E. Mountain, Eugene, argued the cause for respondent. With him on the brief were William F. Gary, B. Kevin Burgess and Harrang Long Watkinson Arnold & Laird, P.C., Eugene.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant appeals his conviction, in a trial to the court on stipulated facts, for the unauthorized sale of bumper stickers and joke books on the sidewalks of the City of Eugene. Eugene Code 4.860.[1] The accusatory instruments allege, in identical language, that, on two occasions:

> "Defendant did sell, vend or display for sale an article in the streets or on the sidewalks or in doorways or stairways of business houses, in a place where such activity causes congregation or congestion of people or vehicles on the streets or sidewalks, and at such time the defendant was not otherwise authorized by the code to do so."

Defendant assigns error only to the trial court's failure to sustain his demurrer, in which he claims that the ordinance under which he was charged violates his constitutional rights to free speech under the Oregon and United States Constitutions, equal privileges and immunities under the Oregon Constitution and equal protection of the laws under the federal constitution.

Defendant does not contend that the complaints, on their face, do not charge a violation of the city code. Neither does he argue that Eugene Code 4.860, under which he was charged, violates his constitutional rights. Rather he contends that that ordinance must be read in conjunction with Eugene Code 3.338, which provides:

> "[E]ach [licensed] vendor shall:
>
> "(a) Submit to the city, upon approval of an application, the hold harmless agreement required by rules adopted under this chapter * * *;
>
> "(b) Submit to the city * * * proof of public and personal liability * * * insurance required by rules adopted under this chapter * * *;

---

[1] The ordinance provides, in pertinent part:

"Unless otherwise authorized in this code, no person shall:

"* * * * *

"(d) Set up or operate a vehicle, stand or place for the display or sale of merchandise, or sell, vend, or display for sale an article in the streets or on the sidewalks or in doorways or stairways of business houses, or in any other place where such activity causes congregation and congestion of people or vehicles on the streets or sidewalks."

"(c)    Locate anywhere except in areas zoned RA, R-1, R-2, R-3, or R-4 under Chapter 9 of this code;

"(d)    Vend only from vending units that meet the requirements of rules adopted under this chapter;

"*(e)    Sell only the food, beverages, flowers or balloons designated on the license*;

"(f)    Conduct business only at the location designated on the license;

"(g)    Pay the right-of-way fee; and

"(h)    Occupy the vending location five days per week for six hours per day * * *." (Emphasis supplied.)

Defendant contends that the licensing ordinance is unconstitutional. His demurrer does not reach that far; it challenges the charging instrument on its face only.

The demurrer was properly overruled.

Affirmed.